**Dated: December 09, 2011**
**The following is SO ORDERED:**

_____
Paulette J. Delk
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
_____

| | |
|---|---|
| In re   The Furniture Galleries, Inc. | Case No. 11-26346 PJD |
| Debtor(s). | Chapter  **11** |

_____

**ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**
_____

This matter came on to be heard by the court on December 6, 2011 for a hearing on the Motion for Relief from Automatic Stay filed by SunTrust Bank, the Answer and the Amended Answer filed by the Debtor. The court held a hearing on the Motion, heard statements of counsel, and considered the documents stipulated to by counsel for both parties, specifically the Commercial Note (Exhibit 1), the Deed of Trust (Exhibit 2), and the Assignment of Leases and Rents (Exhibit 3).

The Debtor filed this Chapter 11 petition on June 24, 2011. The Debtor meets the definition of a single asset real estate case under section 101(51B) of the Bankruptcy Code, which defines single asset real eatate as "real property constituting  a single property . . . which generates

substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. §101(51B).

Pursuant to 11 U.S.C. § 362(d)(3), the court shall grant relief from the automatic stay of section 362(a) in single asset real estate cases unless 90 days after the filing of the Chapter 11 petition the Debtor has filed a plan reasonably capable of being confirmed or the debtor has begun making monthly payments to the holder of a secured claim on the real estate.

In this case, the Debtor has failed to file any plan at all during the more than 150 days of this Chapter 11 case. At the hearing, the Debtor offered to make two payments to SunTrust. However, the Debtor had failed to make any payments to SunTrust during the more than 150 days of the Chapter 11 case.

Single asset real estate cases are treated differently under the Bankruptcy Code from other Chapter 11 cases in order to address Congress' perceived abuses "in which debtors have attempted to delay mortgage foreclosures even when there is little chance that they can reorganize successfully." 3 *Collier on Bankruptcy* ¶ 362.07 [5][b] (16th ed. 2011). Congress' goal in enacting section 362(d)(3) is to shorten single asset real estate cases by requiring that the court grant relief from the automatic stay, if a reasonable plan is not filed or payments are not commenced promptly.

In this case, the mortgagee has indicated through the Motion to Modify and through statements of counsel in open court that it does not intend to cooperate with the Debtor. It is clear from the hearing that the parties strongly disagree on the extent to which SunTrust's interest is secured. Debtor's failure to gain the cooperation of its single secured creditor during the more than 150 days of this case makes obtaining that cooperation, in order to confirm a plan, highly unlikely.

The court hereby orders that the automatic stay of section 362(a) is terminated pursuant to section 362(d)(3) and SunTrust Bank may fully exercise its rights under state law.

Furthermore, The Debtor is ordered to cease using SunTrust's cash collateral and to withdraw its December 6, 2011 Motion for Authority to Use Cash Collateral.

IT IS SO ORDERED.


cc:  Debtor's attorney
     David Blaylock, attorney for SunTrust
     U.S. Trustee